Your argument this morning is Amba v. Lynch. May it please the Court, good morning. I would like both counsel to find a place. Sorry about that, Judge. Ms. Peters. Yes, good morning. May it please the Court. This case is about a man from Ethiopia who came here in 2009. He had been put into a prison camp many years prior by the Ethiopian government when the EPRDF basically won the war. He was there for five months approximately, malnourished and in humane circumstances, and the Kofler Center for Victims of Torture documented the PTSD and flashbacks that followed. So many years later, after working for NGOs in Ethiopia and traveling to the United States, having much contact with Americans, an NGO that he worked with was raided, and an NGO that he was a director of was broken into by two armed men who apparently were from the government, and Mr. Amba was interrogated in his office and told that he would be killed. Counsel, one problem I have with your statement is that the immigration judge disbelieved it, and the Board of Immigration Appeals held that that decision was proper. It seems to me you need to establish that the agency lacks substantial evidence. You can't just assume your view of the facts and proceed as if they were true. Yes, Judge. The immigration judge really focused on Mr. Amba's role in the military. He was concerned for most of the hearings that Mr. Amba could have been involved in human rights abuses himself, because he had been a captain. So we spent a lot of time on that. But in the end, the judge did find that there was no evidence of any human rights abuse by Mr. Amba, that he was simply a captain in an army and not responsible for the actions of that army. But in his decision regarding Mr. Amba, he did not consider cumulatively everything that we presented, that was presented in the record. For example, he did not consider the fact that Mr. Amba had been imprisoned for five months and interrogated and physically and mentally abused in prison. He did not consider the death threat to be credible. When the two officers came into his office, one had a gun and said, if you don't stop doing what you're doing, talking to people you're talking to, you'll be killed. And so the judge said he did believe that there was physical abuse, torture. But in fact, there had been. And the Kovler Center report documented also the mental torture that stemmed from the physical abuse. I think the judge's decision was based on the absence of corroboration. Yes, Judge. There were his wife and other relatives who were at least theoretically available for corroboration purposes for the 2009 incident, and that was not produced. That's correct, Judge. We submitted a human rights report that was all about surveillance in Ethiopia. Right. In other words, there's nothing wrong inherently suspect about a report of being threatened by a government agent, but that this particular threat was uncorroborated. Yes, Judge. I think that's the distinction that the judge was making and the BIA affirmed. Yes, Judge. And we would cite to case law that says corroboration is not always required when there are circumstances that show that it is unreasonable to require such evidence. What's unreasonable about requiring corroboration from family members in this instance? Judge, so when the officers came in, there was no one who witnessed this. There was someone in the office that was at the same time, but Mr. Omba did not believe that the person witnessed it. In order to corroborate that, there was no one else around to corroborate it, but Mr. Omba was afraid to ask his fellow prior workers due to the fact that they would be then targeted. Look, that's an argument made to the immigration judge, but the immigration judge didn't buy it. The question now, I should think, is whether there's substantial evidence for the immigration judge's decision not to buy it. And as I said before, just repeating the arguments that you made to the immigration judge and the board that were not accepted isn't what you need to do in a court of appeals. Judge, I want to understand your question. The substantial evidence is not there to show that corroborating evidence should be required. When the wife could be asked, was your husband interrogated? Well, she wasn't there. What's unreasonable about assuming that he would have mentioned this incident to his wife? Nothing, Judge, not a thing at all. He was afraid and he testified to this. He was afraid to talk to her on the phone. He really believed. Yes, he gave that as a reason and the immigration judge didn't accept it. Why is the immigration judge forbidden to say, I don't buy your argument that subjective fear is enough? Judge, we would say that asking the government, the persecutor... Let me put this differently. Every alien in every case could say, I'm not offering any corroboration because I subjectively fear the persecutors. And in that event, the corroboration requirement is dead. Well, it's not dead. So you need to make something other than this generic argument which can be made in every case by every alien. Judge, I think the difference in this case is the surveillance of the Ethiopian government and the targeting of any person perceived to be in opposition to the Ethiopian government. So any person perceived... Is there evidence from which the agency would have to conclude that anyone who served in the Derg military is being persecuted in Ethiopia today? No, Judge. It would be the combination of human rights workers who are perceived to be in opposition to the Ethiopian government. That's really what the Department of State reports, the Amnesty and Human Rights Watch reports do corroborate. That those who are perceived as being in opposition to the Ethiopian government, a political dissident of any sort, would be targeted. So the work that he did with APCM and with BCS and his many contacts with Western, with Americans during the adoption process, put him in a position of being perceived as in opposition to the Ethiopian government. The immigration judge and the board concluded that Bethany Christian Services operates freely in Ethiopia today. Why is that finding not supported by substantial evidence? That finding is supported by substantial evidence, Judge. But the whole pitch you've been making for the last two minutes is that those people are perceived as in opposition to the government and persecuted. That can't be true if you concede that they are not persecuted. Judge, not all people who work in every single NGO, but the evidence shows that the Ethiopian government has targeted many NGOs perceived as being funded by Western sources and that people are, and the expert also spoke on this, that people are targeted randomly. So we're not just arguing it was BCS. We were arguing he worked with APCM that is now closed down and with BCS and he had this passed and that those cumulative factors should have been considered by the judge and the board because it wasn't just one thing. It was his cumulative background and his cumulative work in human rights as well as coming to the United States for adoption, for work with his adoption with children that made him a target, that made him stick out. His persecutors said, we know who you're talking to. We know you're against the government. So that totality of the circumstances, not just his work for BCS, is what we would ask that the board would consider. So going back to corroboration and it being reasonable or unreasonable, the fact that the persecutor here would have been asked for corroborating evidence would be unreasonable. So judge, to go back to that question one more time, requesting the Ethiopian government for proof would be requiring the petitioner to ask his very persecutor for corroborating evidence for his asylum claim and we have argued that that would be unreasonable. The raid of the APCM offices and the threat to other APCM members preceded the threat at the BCS office for Mr. Amba. And that was not considered by the judge nor was the surveillance. Mr. Amba said that he was followed after these men came to his office and threatened him and that also was not considered and should have been. So the fact that the BCS offices remain open, you're right. We have no proof that they don't remain open. But the consideration, the immigration judge should have considered these other aspects of this man's experience that do amount to persecution and those things were not considered. In fact, in the first argument, I tried to point out that the test that the evidence compels, should compel a showing of past persecution is not the test that's required. It is just a showing of past persecution and that that was met. And then in the second point, we've already gone over corroboration. The third point goes to the lack of consideration of the Department of State reports as far as finding persecution in nexus. So the reports that we included very clearly showed that there was persecution of any person who was perceived as being in opposition. But that could be a very random thing. And the expert witness, Dr. Levine, explained that it really is anyone who is perceived as such. So there are human rights organizations that have remained open, but most many have been shut down. And I included a lot of sites to the record as far as those reports. If there are no more questions, Your Honors, I would conclude my argument. Thank you, Ms. Peters. Okay. Thank you, Judge. Ms. Morinelli. Good morning. May it please the Court. Lisa Morinelli on behalf of the Attorney General. The Court should deny this petition for review because Petitioner failed to meet his burden of proof for asylum and withholding of removal, and Petitioner has not established that the record compels the conclusion that the agency aired. The record supports the three main reasons articulated by the agency in denying Petitioner's application. First, Petitioner failed to offer reasonably available corroborating evidence as required by the statute on key elements of his claim. That being that he was detained by the Ethiopian government in 1991 and that he was threatened by government security forces in 2009. Second, assuming Petitioner did not adequately corroborate his claim, Petitioner did not meet his burden to prove that he experienced past persecution in Ethiopia. The record supports the judge's conclusion that Petitioner's detention was in connection with a criminal investigation, and Petitioner did not establish that the 2009 threat was sufficiently menacing in nature to compel the conclusion that the judge aired. Finally, the record does not compel the conclusion that the Ethiopian government would target Petitioner as an opponent because of his previous work with non-governmental organizations. Outside of the 2009 threat, security agents never again approached Petitioner or his family members, all of whom still live in Ethiopia. Moreover, Petitioner presented no information that anyone else from the NGOs was harmed or targeted since 2009. If there are no questions at this time... Seems not. ...the government would respectfully request that the petition for review be denied. Thank you, Ms. Morinelli. Anything further, Ms. Peters? Judge, just to respond quickly. Again, the government's argument that corroborating evidence, that a person should be able to ask their persecutor for corroborating evidence... Wasn't there some other way to get corroborating evidence and ask the government? Couldn't you find somebody else who was persecuted or somebody who was with you at the time or something? Judge, so the fear of getting another person into prison, torture, was really the concern of Mr. Amba. I asked him if he could get letters from other people he was jailed with back in 1991. Granted, that was a long time ago, but he was afraid to ask anyone from Ethiopia to write letters for him. He was afraid also to ask his wife because he thought maybe she would then be targeted, imprisoned. There is so much imprisonment without due process. That makes it harder for him, that fear, doesn't it? That fear that he had seems to be an interference. The PTSD, Judge, is that what you're referring to? No, the fear that you're talking about, the petitioner had of getting this corroboration, makes it a lot harder for him. It is very common, and it does go back to what was mentioned before. People are, of course, afraid of getting their loved ones or friends or past colleagues into trouble if the government has been the persecutor because the government has the power to just go pick that person up. If they find out that they're giving evidence, that they're saying, yes, the Ethiopian government did this to me as well, then they would become a target and they could be thrown into jail too. So, Judge, yes, that fear stopped him. Thank you, Counsel. Thank you, Judge. The case is taken under advisement. Our next case for argument is Trotter v. Harlan.